IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRENCHMAN VALLEY PRODUCE, INC., a Nebraska Corporation, | ) ) ) | Case No. _____ |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **NOTICE OF REMOVAL AND JURY DEMAND** |
| INDIANA INSURANCE COMPANY, MEMBER OF LIBERTY MUTUAL GROUP, and | ) ) ) ) ) | |
| LIBERTY MUTUAL COMMERCIAL INSURANCE, and | ) ) ) | |
| THE PINNACLE AGENCY LLC, | ) ) | |
| Defendants. | ) | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, all Defendants, jointly, file this Notice of Removal of Case No. CI 13-37 from the District Court of Chase County, Nebraska. Defendants' short and plain statement of the grounds for removal is as follows[1]:

1.  On December 27, 2013, Plaintiff Frenchman Valley Produce, Inc. ("Frenchman Valley" or "Plaintiff"), filed this insurance coverage action against the Defendants in the District Court of Chase County, Nebraska.

2.  On December 31, 2014, Frenchman Valley attempted service of the Summons and the Complaint on Pinnacle Agency, LLC ("Pinnacle). On January 6, 2014, Frenchman Valley attempted service on Indiana Insurance Company ("Indiana Insurance") by registered mail.

---

[1] Defendants reserve the right to supplement this notice with additional facts, affidavits, or memoranda if necessary to effectuate removal.

3. Regardless of whether Frenchman Valley has actually accomplished good service on Pinnacle or Indiana Insurance, Defendants have filed their notice of removal within the thirty (30) day time frame allowed pursuant to 28 U.S.C. § 1446(b). Accordingly, this Notice of Removal is timely filed.

4. As required by 28 U.S.C. § 1446(a), copies of all "process, pleadings and orders served upon each such defendant" are attached hereto as Exhibit 1 to this Notice of Removal. Defendants have not been served with any other pleadings or orders.

5. Frenchman Valley alleges it is entitled to receive reimbursement for damages to the metal roofing of their office and warehouse facility in Imperial, Chase County, Nebraska, caused by a severe thunderstorm on or about June 19, 2011. (Exhibit 1, Complaint at ¶ 1.) Frenchman Valley claims each of the Defendants was an agent, partner, joint venture, co-conspirator or alter ego of each of the remaining Defendants. (*Id.* at ¶¶ 11-13.) Counts I and II of French Valley assert bad faith breach of the insurance policy and breach of contract. (*Id.* at ¶¶ 19-38.). Count III alleges the Defendants breached the implied covenant of good faith and fair dealing. (*Id.* at ¶¶39-50.) Count IV alleges tortious interference with a contract. (*Id.* at ¶¶51-58.). Count V asserts that the Defendants have engaged in unlawful, unfair or fraudulent business acts or practices. *(Id.* at ¶¶ 59-64.).

6. Pinnacle's citizenship can be disregarded by the Court under the doctrine of fraudulent joinder. Frenchman Valley's claims are dependent upon the insurance contract it entered into with Indiana Insurance. Pinnacle was not a party to that contract and therefore cannot be liable for claims dependent upon that contract. An insurance agent such as Pinnacle is not liable to an insured under an insurance policy unless the agent purports to, or otherwise does, bind himself or herself to performance of the contract. *See Broad ex. rel Estate of Schekall v.*

*Randy Bauer Ins., Agency, Inc.*, 275 Neb. 788, 749 N.W.2d 478 (2007).  French Valley has not pled facts setting forth a plausible claim against Pinnacle.

7.  As stated further below, this case is removable because this Court has original subject matter jurisdiction on diversity grounds pursuant to 28 U.S.C. § 1332(a)(1) and (2).  *See* 28 U.S.C. § 1441(a) (providing that any civil action filed in state court which the district court would have original jurisdiction may be removed).

## GROUNDS FOR REMOVAL

8.  The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and all properly joined defendants are "citizens of different States."  28 U.S.C. § 1332(a)(1).

**A.    There is Complete Diversity Between Plaintiff and all Proper Defendants**

9.  Complete diversity of citizenship exists between Plaintiff and all Defendants that should be considered for this purpose.  For purposes of determining diversity of citizenship, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  "[A] corporation's 'principal place of business' for purposes of 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters."  *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 1003-04 (8th Cir. 2011).  "An LLC's citizenship, for purposes of diversity jurisdiction is the citizenship of each of its members."  *One Point Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

10. Frenchman Valley is a corporation incorporated under the laws of the State of Nebraska and its principal place of business is located in Chase County, Nebraska. [Exhibit 1, Complaint at ¶ 2.]. Therefore it is a citizen of the state of Nebraska only.

11. Indiana Insurance is incorporated under the laws of the state of Indiana, with its principal place of business located in Massachusetts. [Exhibit 2, Affidavit of Michael Czerniak, ¶ 3.] Therefore, Indiana Insurance is a citizen of the states of Indiana and Massachusetts only.

12. Liberty Mutual Commercial Insurance and Liberty Mutual Group are simply trade names, and not actual entities that are citizens of any state. [Exhibit 2, Affidavit of Michael Czerniak, ¶ 4.] There is a Liberty Mutual Group, Inc., which is incorporated under the laws of the state of Massachusetts, with its principal place of business in Massachusetts. [Exhibit 2, Affidavit of Michael Czerniak, ¶ 5.] That company does not write insurance policies [*Id.*] and it has no connection to this action. However, to the extent Plaintiff is suing that entity in this law suit, it is a citizen of the state of Massachusetts only.

13. Pinnacle, a limited liability company, is a citizen of Nebraska because some of its members are citizens of Nebraska. However, as addressed below, Pinnacle's citizenship should be disregarded for the purposes of this removal under the doctrine of fraudulent joinder. *Filla v. Norfolk S. Ry. Corp.*, 336 F.3d 806, 809 (8th Cir. 2003).

### 1. Defendant Pinnacle Agency's citizenship does not defeat diversity due to fraudulent joinder

14. Under well-established principles of federal law and civil procedure, a plaintiff may not destroy a defendant's right of removal by fraudulently or improperly joining a resident defendant. *See Anderson v. Home Ins. Co.*, 724 F.2d 82, 83 (8th Cir. 1983).

15. The Eighth Circuit instructs district courts to "give paramount consideration to the reasonableness of the basis underlying the state claim" when determining if a non-diverse

defendant has been fraudulently joined. *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (quoting *Filla*, 336 F.3d at 810). "Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against resident defendants." *Id.* (quoting *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)).

16. Frenchman Valley cannot set forth any facts or legal theory that would provide a reasonable basis for its claims against Pinnacle.

17. Frenchman Valley's causes of action are based on the denial of coverage to Frenchman Valley under an insurance policy allegedly issued by Indiana Insurance. Frenchman Valley has not pled any facts specific to Pinnacle, but instead alleges in a conclusory fashion that Pinnacle is an alter ego of Liberty Mutual and Indiana Insurance. Frenchman Valley also alleges that Pinnacle acted as an agent of Indiana Insurance. [Exhibit 1, Complaint at ¶ 2.] The Nebraska Supreme Court has explained that "[w]hen a party contracts with a known agent acting within the scope of his or her authority for a disclosed principal, the contract is that of the principal only and the agent cannot be held personally liable thereon, unless the agent purports to bind himself or herself, or has otherwise bound himself or herself, to performance of the contract." *Broad v. Schekall v. Randy Bauer Ins. Agency, Inc.*, 275 Neb. 788, 795 749 N.W.2d 478, 483 (2008) (citing *Hecker v. Ravenna Bank*, 237 Neb. 810, 468 N.W.2d 88 (1991); *Coffey v. Mann*, 7 Neb. App. 805, 585 N.W.2d 518 (1998)). "In the absence of an express undertaking of a broader duty, an agent of the insurer who acts in an authorized, lawful manner is not personally liable to the insured for his or her acts or for any contracts which the agent makes on behalf of his or her disclosed principal." *Id.* (quoting 4 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 55:1 at 55-3 (2005)).

18. Because Frenchman Valley has not alleged that Pinnacle undertook any additional duty to Frenchman Valley or acted in any unauthorized or unlawful matter, there is no basis in law or fact to hold Pinnacle liable for claims related to denial of coverage. Moreover, Frenchman Valley has not pled any other plausible claim under which Pinnacle could be found liable. As such, the Court should consider Pinnacle fraudulently joined and disregard Pinnacle's citizenship for purposes of this removal.

**B.    The Amount in Controversy Exceeds $75,000.00**

19. In its Complaint, Frenchman Valley seeks an unspecified amount of compensatory and exemplary dollars. [Exhibit 1, Complaint at ¶ 14.]. However the allegations show that the amount in controversy exceeds $75,000. The basis for Frenchman Valley's causes of action is a claim for coverage to high wind and hail damage to French Valley's office and its warehouse facility. [Exhibit 1, Complaint at ¶ 1.]. Frenchman Valley alleges the coverage from the insurance policy at issue for these damages is "replacement cost and actual value with regards to damages resulting from hail and other storm damage." [Exhibit 1, Complaint at ¶ 8.] Although the prayer for relief does not definitely request damages in an amount exceeding $75,000.00, the nature of the harm Plaintiff seeks to be compensated for demonstrates to a reasonable legal certainty that the amount in controversy in this case does, in fact, exceed $75,000.00.

20. In addition to the information provided in the Complaint, Plaintiff has demanded $331,392.06 to resolve the matter and there was an appraisal finding of $10,000, making the amount in dispute well in excess of $75,000. [Exhibit 2, Affidavit of Michael Czerniak, at ¶ 6.] *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (explaining that a removing defendant can establish the amount in controversy by referencing "the plaintiff's informal

estimates or settlement demands"); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.") Thus, the amount of damages sought easily satisfies the amount in controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See In re Minn. Mut. Life Ins. Co. Sales Practices. Litig.*, 346 F.3d 830, 834-35 (8th Cir. 2003) (holding subject matter jurisdiction existed for purposes of removal where the complaint did not allege a specific amount of damages but the defendant "prove[d] by a preponderance of the evidence that the amount in controversy exceed[ed] $75,000").

## **PROCEDURE FOR REMOVAL**

21. Defendants have complied with all applicable requirements of 28 U.S.C. § 1446, and are promptly giving notice of this removal to Frenchman Valley and the District Court of Chase County, Nebraska. Pursuant to 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice of Removal with the Clerk of the District Court of Chase County, Nebraska. As indicated in the Certificate of Service, below, Defendants have served a copy of the Notice of Removal on counsel for Frenchman Valley Produce, Inc.

22. Defendants reserve the right to amend or supplement this Notice of Removal.

23. Defendants reserve all defenses.

## **DEMAND FOR A JURY TRIAL**

Defendants request a trial by jury in Omaha on all issues so triable in this matter.

DATED: January 30, 2014.

                                       Respectfully submitted,

                                       COUNSEL FOR ALL DEFENDANTS

By    s/Mark D. Hill
Mark D. Hill – 24903
HUSCH BLACKWELL LLP
13330 California Street, Suite 200
Omaha, NE, 68154
(402) 964-5000 Telephone
(402) 964-5050 Facsimile
Mark.Hill@huschblackwell.com

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2014, the foregoing document was served via U.S. Mail, postage pre-paid, to:

Randy Fair, #22351
Dudden & Fair, PC, LLO
PO Box 60 – 914 East A Street
Ogallala, NE 69153
Phone: 308-284-6061
Fax: 308-284-2648

 /s/ Mark D. Hill
Mark D. Hill – 24903